OPTICIANS ASSOCIATION OF AMERICA, Respondent, v GUILD OF PRESCRIPTION OPTICIANS OF NEW YORK STATE, INC., Appellant.

Third Department, November 13, 1975

*L. Murray Doody, Jr. (Joseph F. Kehoe* of counsel), for appellant.

*De Graff, Foy, Conway & Holt-Harris (Michael G. Breslin* of counsel), for respondent.

GREENBLOTT, J. P. Plaintiff is a not-for-profit Pennsylvania corporation not authorized to do business in New York State, whose purpose is to maintain the quality standards of opticians by the collection and distribution of information to its members. Plaintiff solicits membership and collects dues, and its members are located throughout the country, including New York State. In addition to its informational services plaintiff sells various other services and products. Defendant is a domestic not-for-profit corporation, apparently with similar purposes.

On August 23, 1973 plaintiff brought suit for damages and an injunction, alleging that defendant infringed upon its Federally registered service marks. Defendant, whose marks are registered with the New York Secretary of State, moved to dismiss the complaint, alleging that plaintiff was barred from

maintaining the action by subdivision (a) of section 1313 of the Not-for-Profit Corporation Law, which prohibits an unauthorized foreign corporation which is conducting activities in New York from maintaining suit. Plaintiff resisted the motion on the grounds that it was not "conducting activities" as that term is used in the Not-for-Profit Corporation Law, and further that it was engaged exclusively in interstate commerce so as not to be subject to the requirement that it seek authorization. Because questions of fact existed as to the nature and extent of the plaintiff's activities in New York, a hearing was held.

The evidence adduced at the hearing established that from 1962, when plaintiff moved its offices from New York, first to New Jersey and then to Washington, D.C., until the date of the hearing, its ties to New York were minimal. Apart from sending publications into New York and receiving dues from New York members, plaintiff's only other activities in New York consisted of a press conference in 1963, a convention in 1964, and three meetings in Rochester and New York City in 1972 which involved a presentation by a management consultant and promoted the benefits of membership in plaintiff.

Other transactions which had some connection with New York were the mailing to New York members and former members catalogs of eye and eyeglass care products available for sale. In addition, plaintiff's publications occasionally obtained advertisements for nonoptical products which could be ordered through plaintiff but were not sold or shipped by plaintiff and for which plaintiff received no compensation. The major part of plaintiff's business, however, remained the solicitation and "sale" of membership in its organization.

Subdivision (a) of section 1313 of the Not-for-Profit Corporation Law provides: "A foreign corporation conducting activities in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to conduct activities in this state and it has paid to the state all fees, penalties and franchise taxes, if any, for the years or parts thereof during which it conducted activities in this state without authority. This prohibition shall apply to any successor in interest of such foreign corporation." Section 1301 of said law, which prohibits the conduct of activities by foreign corporations without authorization, contains in subdivision (b) a list of acts, by the terms of the statute not meant to be complete, which

do not constitute "conducting activities" for the purpose of the statute, and which includes, *inter alia,* holding membership meetings and distributing information to members. Upon examination of the remainder of the activities conducted by plaintiff which were in some way connected with New York, we see no basis for disturbing the findings of the court at Special Term that these occasional activities were not so systematic or regular as to constitute "conducting activities". Moreover, we agree that, in any event, the acts described, which generally were initiated and primarily transacted at plaintiff's out-of-State offices, fell within interstate commerce, so as to remove plaintiff, with regard to those acts, from the operation of the statutes requiring authorization of a foreign not-for-profit corporation.

Prior to 1962, when plaintiff did maintain a New York office, its activities within New York State were much more extensive and would, if performed presently, bring plaintiff within the scope of section 1313. However, that provision was not enacted until 1970, and we agree with Special Term that it cannot be retroactively applied to plaintiff's activities before its effective date. Defendant, in urging that plaintiff's pre-1962 activities can be taken into account, points to the language in subdivision (a) of section 1313 prohibiting maintenance of an action by an unauthorized foreign corporation until "it has paid to the state all fees, penalties and franchise taxes, if any, for the years or parts thereof during which it conducted activities in this state without authority." However, an examination of the statute reveals that only corporations *"conducting* activities" are subject to section 1313. Had the Legislature intended to bar any corporation which ever conducted activities, it could simply have declared, "a foreign corporation shall not maintain any action" unless and until it has been authorized and has paid all fees, taxes, etc., for prior years, rather than saying, as it did, that, "A foreign corporation conducting activities in this state without authority shall not maintain any action" until it has been authorized and paid fees for prior years. A contrary interpretation would render the phrase "conducting activities" redundant and devoid of meaning. Furthermore, even if section 1313 should be read as permitting inquiry into prior activities, we do not believe that inquiry should be permitted prior to the 1970 effective date of section 1313 in view of the fact that under prior law (former General Corporation Law, § 218), an unauthorized foreign

corporation was only barred from bringing suit on contracts made within this State.

The order should be affirmed, without costs.

KANE, MAIN, LARKIN and REYNOLDS, JJ., concur.

Order affirmed, without costs.